IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

BARBARA MARTINEZ
*On behalf of*
E.F.M., A MINOR                                                                                    PLAINTIFF

vs.                                         Civil No. 6:13-cv-06115

CAROLYN W. COLVIN                                                                       DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Barbara Martinez ("Plaintiff") brings this action on behalf of E.F.M., a minor, pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying E.F.M.'s application for Supplemental Security Income ("SSI") under Title XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 8.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1.   **Background:**

Plaintiff protectively filed an SSI application on behalf of E.F.M. on July 28, 2010. (Tr. 11, 111-117). With this application, Plaintiff alleges E.F.M. is disabled due to horseshoe kidney and imperforated anus. (Tr. 130). Plaintiff alleges E.F.M.'s onset date was his date of birth of April 13, 2009. (Tr. 130). This application was denied initially and again upon reconsideration. (Tr. 51-60).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

Thereafter, Plaintiff requested an administrative hearing on E.F.M.'s application, and this hearing request was granted. (Tr. 61-63). An administrative hearing was held on April 9, 2012. (Tr. 31-48). Plaintiff was present and was represented by Sherri McDonough at this hearing. *Id.* Plaintiff testified at the hearing in this matter. *Id.*

On July 12, 2012, the ALJ entered an unfavorable decision denying Plaintiff's application for SSI on behalf of E.F.M. (Tr. 11-22). In this decision, the ALJ determined E.F.M. was born on April 13, 2009 and was an older infant on the date his application was filed and was currently an older infant. (Tr. 14, Finding 1). The ALJ determined E.F.M. had not engaged in Substantial Gainful Activity ("SGA") since his application date. (Tr. 14, Finding 2). The ALJ determined E.F.M. had the following severe impairments: status post kidney surgery and imperforate anus. (Tr. 14, Finding 3). The ALJ also determined, however, that none of E.F.M.'s impairments met, medically equaled, or were functionally equivalent to the Listing of Impairments in Appendix 1, Subpart P, Regulations No. 4 ("Listings"). (Tr. 14-17, Findings 4-5).

In assessing whether E.F.M.'s impairments were functionally equivalent to the Listings, the ALJ assessed six domains of functioning. (Tr. 17-21, Finding 5). Specifically, the ALJ determined E.F.M. had the following limitations in the six domains of functioning: (1) no limitation in acquiring and using information; (2) no limitation in attending and completing tasks; (3) no limitation in interacting and relating with others; (4) no limitation in moving about and manipulating objects; (5) no limitation in the ability to care for himself; and (6) marked limitation in health and physical well-being. *Id.* Based upon these findings, the ALJ determined E.F.M. had not been under a disability, as defined by the Act, at any time from the date Plaintiff's application was filed through the date of his decision. (Tr. 21, Finding 6).

2

Thereafter, on August 8, 2012, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 5-7). On September 4, 2013, the Appeals Council declined to review this unfavorable decision. (Tr. 1-4). On October 10, 2013, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on October 31, 2013. ECF No. 8. Both Parties have filed appeal briefs. ECF Nos. 14, 17. This case is now ready for decision.

**2.** **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence in the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

In this case, Plaintiff is seeking disability benefits on behalf of a minor child. On August 22, 1996, Congress enacted the Personal Responsibility and Work Opportunity Reconciliation Act of 1996, Public Law No. 104-193, 110 Stat. 2105 (1996) (codified at 42 U.S.C. § 1382c(a)(3)(C)), which provided a more stringent standard for determining eligibility for Title XVI childhood

disability benefits than the old law and prior regulations required.  *See Rucker v. Apfel*, 141 F.3d 1256, 1259 (8th Cir. 1998); 142 Cong. Rec. H8913; H.R. Conf. Rep. No. 725, 104th Cong. 2d Sess. 328 (1996), reprinted in 1996 U.S. Code, Cong. and Ad. News 2649, 2716; Federal Register, Vol. 62, No. 28, p. 6409.

Among other things, the new law amended Section 1614(a)(3) of the Act, 42 U.S.C. § 1382c(a)(3), and changed the statutory definition of disability for individuals under age eighteen (18) under the SSI program. Under the new standard, a child is entitled to disability benefits only if he or she has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.  *See* Pub. L. No. 104-193 § 211(a)(4)(c); 20 C.F.R. § 416.906. The new standard applies to all applicants who filed claims on or after August 22, 1996, or whose claims had not been finally adjudicated by August 22, 1996. Since Plaintiff filed her application in 2010, the new law applies.

Under the new law, the ALJ's disability determination is based upon a three-step analysis. *See* 20 C.F.R. § 416.924.  First, the ALJ must determine whether the minor child has engaged in substantial gainful activity.  If not, the ALJ will proceed to the second step where the ALJ must consider whether the child has a severe impairment.  If a severe impairment is found, the ALJ will proceed to the third step.  At this step, the ALJ, must consider whether the impairment meets, or is medically or functionally equivalent, to a disability listing in the Listing of Impairments ("Listings"), *See* 20 C.F.R. pt. 404, subpt. P, app. 1.  A minor child may be disabled if his or her impairment is functionally equivalent to a disability listing, even if the minor child's impairment does not meet the standard requirements for a disability listing.  *See* 20 C.F.R. § 416.924(d)(1).

A single method is provided for evaluating whether an impairment is "functionally equivalent" to a disability listing, based upon six domains of functioning. The six domains are the following: (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for himself or herself, and (6) health and physical well-being. *See* 20 C.F.R. § 416.926a(b)(1). If the minor child claiming benefits has "marked" limitations in two of these domains or an "extreme" limitation in one of these domains, then the child's impairment is functionally equivalent to a disability listing. *See id.* § 416.926a(a); *Moore ex rel. Moore v. Barnhart,* 413 F.3d 718, 721 (8th Cir. 2005).

A "marked" limitation is a limitation that is "more than moderate" and "less than extreme." *See id.* § 416.926a(e); *Lehnartz v. Barnhart,* No. 04-3818, 2005 WL 1767944, at *3 (8th Cir. July 27, 2005) (unpublished). A marked limitation is one that seriously interferes with a child's ability to independently initiate, sustain, or complete activities. *See* 20 C.F.R. § 416.926a(e). An "extreme" limitation is more than "marked" and exists when a child's impairment(s) interferes very seriously with his or her ability to independently initiate, sustain or complete activities. *See id.* "Extreme" limitation is the rating the Commissioner gives to the most serious limitations. *See id.*

**3.     Discussion:**

In her appeal brief, Plaintiff raises two arguments for reversal: (A) the ALJ erred in finding E.F.M.'s impairments did not meet the requirements of Listing 105.06 and Listing 106.07; and (B) the ALJ erred in finding E.F.M. did not have an impairment that satisfied functional equivalence in the broad areas of development and functioning. ECF No. 14. In response, Defendant argues the ALJ properly determined E.F.M.'s impairments did not meet, medically equal, or functionally equal the requirements of any of the Listings. ECF No. 17. The Court will evaluate both of Plaintiff's

arguments.

### A. Listings 105.06 and 106.07

Plaintiff claims E.F.M.'s impairments meet the requirements of Listing 105.06 and Listing 106.07. ECF No. 14 at 8-12. First, Listing 105.06 applies if the following requirements are met:

> Inflammatory Bowel Disease (IBD), which must be documented by endoscopy, biopsy, appropriate medically acceptable imaging, or operative findings with:
>
> A. Obstruction of stenotic areas (not adhesions) in the small intestine or colon with proximal dilation, confirmed by appropriate medically acceptable imaging or in private medically acceptable imaging or in surgery, requiring hospitalization for intestinal decompression or for surgery, and occurring on at least two occasions at least 60 days apart within a consecutive 6-month period; or
>
> B. Two of the following despite continuing treatment as prescribed and occurring within the same consecutive 6-month period:
>
> 1. Anemia with hemoglobin less than 10.0g/ dL, present on at least two evaluations at least 60 days apart; or
>
> 2. Sernum albumin of 3.0 g/dL or less, present on at least two evaluations at least 60 days apart; or
>
> 3. Clinically documented tender abdominal mass palpable on physical examination with abdominal pain or cramping that is not completely controlled by prescribed narcotic mediation, present on at least two evaluations at least 60 days apart; or
>
> 4. Perineal disease with a draining abscess or fistula, with pain that is not completely controlled by prescribed narcotic medication, present on at least two evaluations at least 60 days apart; or
>
> 5. Need for supplemental daily enteral nutrition via a gastrostomy or daily parenteral nutrition via a central venous catheter. (See 105.10 for children who have not attained age 3).

Second, Listing 106.07 for Congenital Genitourinary impairments applies if the following requirements are met:

> Congenital genitourinary impairments resulting in one of the following:

  A. Repeated urologic surgical procedures, occurring at least 3 times in a consecutive 12-month period, or

  B. Documented episodes of systemic infection requiring an initial course of parenteral antibiotics, occurring at least 3 times in a consecutive 12-month period (see 106.00E4), or

  C. Hospitalization (see 106.00E4d) for episodes of electrolyte disturbance, occurring at least 3 times in a consecutive 12-month period.

To begin with, Plaintiff fails to show the medical record establishes the requirements of Listing 105.06 or 106.07 have been met. In fact, Plaintiff can only argue E.F.M. has symptoms similar to IBD.

The ALJ, in finding that none of E.F.M.'s impairments met, medically equaled, or were functionally equivalent to the Listing of Impairments, considered the evaluation of two physicians who evaluated the impairments of E.F.M. (Tr. 14-16). Dr. Susan Manley and Dr. Stephen Whaley, evaluated E.F.M.'s medical impairments of horseshoe kidney and imperforate anus. (Tr. 299-304, 309-314). Dr. Manley and Dr. Whaley both found E.F.M. did not meet, medically equaled, or functionally equaled an impairment. *Id.*

Accordingly, the Court finds Plaintiff has not demonstrated E.F.M. meets the requirements of Listing 105.06 or 106.07. Plaintiff has the burden of demonstrating E.F.M.'s impairments meet the requirements of these Listing. *See McCoy v. Astrue,* 648 F.3d 605, 611-12 (8th Cir. 2011) (holding that "[t]o qualify for disability under a listing, a claimant carries the burden of establishing that his condition meets or equals all specified medical criteria") (citation omitted). Here, Plaintiff does not provide any analysis of the relevant law or facts demonstrating E.F.M. actually does meet the requirements of these Listings. Accordingly, the Court finds Plaintiff has not demonstrated E.F.M. meets the requirements of these Listings, and the Court need not address this issue further.

*See Vandenboom v. Barnhart,* 421 F.3d 745, 750 (8th Cir. 2005) (rejecting "out of hand" appellant's conclusory assertion that ALJ failed to consider whether he met certain listings where appellant provided no analysis of relevant law or facts).

### B. Functional Equivalence

As noted above, to determine whether a child's impairments are functionally equivalent to a Listing, the SSA considers the following six domains of functioning: (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for himself or herself, and (6) health and physical well-being. *See* 20 C.F.R. § 416.926a(b)(1). Plaintiff claims E.F.M. has a marked limitation in the domain of acquiring and using information and seems to argue he has marked limitations in the domains of attending and completing tasks, interacting and relating with others, moving about and manipulating objects, caring for yourself, and health and physical well-being. ECF No. 14 at 12-18. Plaintiff claims these marked limitations cause E.F.M. to be disabled. *Id.* Thus, the Court will address the six domains of functioning.

**1. Acquiring and Using Information**

Acquiring and using information concerns how well a child is able to acquire or learn information and how well a child uses the information he has learned. *See* 20 C.F.R. § 416.926a(g). This domain involves how well a child perceives, thinks about, remembers, and uses information in all settings, which includes daily activities at home, at school, and in the community. *See id.*

In the present action, the ALJ found E.F.M. had no limitation in acquiring and using information. (Tr. 17-18). Based upon a review of the record, this finding is supported by substantial evidence. The ALJ indicated E.F.M. was able to wave "bye-bye," follow simple and one-step directions, and use one or more words to ask for toys, food, or people. (Tr. 18, 135-141). Also, an

Evaluation Report found E.F.M. could put toys away, followed 1 step verbal commands, used words to get his needs met, and showed interest in age appropriate books. (Tr. 395).

There is no indication E.F.M. has a marked limitation in this domain of functioning. Thus, this Court finds the ALJ's assessment in this domain of functioning is supported by substantial evidence in the record.

### 2. Attending and Completing Tasks

This domain considers how well a child is able to focus and maintain attention and how well he is able to begin, carry through, and finish activities, including the mental pace at which he performs activities and the ease of changing activities. *See* 20 C.F.R. § 416.926a(h). Attending and completing tasks also refers to a child's ability to avoid impulsive thinking and his ability to prioritize competing tasks and managing his time. *See id.*

In this case, the ALJ found E.F.M. had no limitation in attending and completing tasks. (Tr. 18). The ALJ found E.F.M. was able to stack small blocks two high, push and pull small toys, and stand without help. (Tr. 18, 135-141). Also, an Evaluation Report found E.F.M. could put toys away, followed 1 step verbal commands, initiates social contact with peers, and used words to get his needs met. (Tr. 395).

There is no indication E.F.M. has a marked limitation in this domain of functioning. Thus, this Court finds the ALJ's assessment in this domain of functioning is supported by substantial evidence in the record.

### 3. Interacting and Relating with Others

This domain of functioning considers how well a child is able to initiate and sustain emotional connections with others, develop and use the language of the community, cooperate with others, comply with rules, respond to criticism, and respect and take care of the possessions of

others. *See* 20 C.F.R. § 416.926a(i). Interacting and relating with others relates to all aspects of social interaction at home, at school, and in the community. *See id.* Because communication is essential to both interacting and relating, this domain considers speech and language skills children need to speak intelligently and to understand and use the language of their community. *See id.*

In this case, the ALJ found E.F.M. had no limitation in this domain of functioning. (Tr. 18-19). The ALJ noted Plaintiff stated E.F.M. was affectionate toward her and able to play next to other children. (Tr. 19, 135-141). Also, an Evaluation Report found E.F.M. followed 1 step verbal commands, initiates social contact with peers, and used words to get his needs met. (Tr. 395).

Upon review of the transcript in this action, there is no credible evidence in the record establishing E.F.M. has a marked limitation in this domain of functioning. Based upon this evidence, this Court finds the ALJ's assessment in this domain of functioning is supported by substantial evidence in the record.

**4. Moving About and Manipulating Objects**

This domain considers how well a child is able to move his body from one place to another and how a child moves and manipulates objects. *See* 20 C.F.R. § 416.926a(j). These activities may require gross motor skills, fine motor skills, or a combination of both. *See id.* Limitations in this domain can be associated with musculoskeletal and neurological impairments, other physical impairments, medications or treatments, or mental impairments. *See id.*

In this case, the ALJ found E.F.M. had no limitation in moving about and manipulating objects. (Tr. 19-20). An Evaluation Report on E.F.M. found he was able to put toys away when asked, stack 9 cubes, and walk up and down stairs without assistance. (Tr. 395).

There is no indication in the transcript that E.F.M. has a limitation in this domain. Thus, this Court finds the ALJ's assessment in this domain of functioning is supported by substantial evidence

in the record.

### 5. Caring for Himself

This domain considers how well a child maintains a healthy emotional and physical state, including how well a child satisfies his physical and emotional wants and needs in appropriate ways. *See* 20 C.F.R. § 416.926a(k). This includes how the child copes with stress and changes in the environment and how well the child takes care of his own health, possessions, and living area. *See id.*

In this case, the ALJ found E.F.M. had no limitation in his ability to care for himself. (Tr. 20). The ALJ stated Plaintiff reported E.F.M. cooperated in getting dressed and knew how to say "no". (Tr. 20, 135-141). An Evaluation Report on E.F.M. found he was able to initiate social contact with peers, use words to get his needs met, and showed interest in age appropriate books. (Tr. 395).

There is no indication in the transcript that E.F.M. has a marked limitation in this domain. Thus, this Court finds the ALJ's assessment in this domain of functioning is supported by substantial evidence in the record.

### 6. Health and Physical Well-Being

This domain considers the cumulative physical effects of physical and mental impairments and any associated treatments or therapies on a child's health and functioning that were not considered in the evaluation of the child's ability to move about and manipulate objects. *See* 20 C.F.R. § 416.9292a(l). Unlike the other five domains of functional equivalence, which address a child's abilities, this domain does not address typical development and functioning. *See id.* The "Health and Physical Well-Being" domain addresses how recurrent illness, the side effects of medication, and the need for ongoing treatment affect the child's health and sense of physical well-

being.  *See id.*

In this case, the ALJ found E.F.M. had a marked limitation in his health and physical well-being. (Tr. 21).  The ALJ discussed in detail E.F.M.'s repair for an imperforate anus and colostomy repair, along with his horseshoe kidney.  (Tr. 21).  E.F.M. also underwent a tonsillectomy and abenoidectomy because of recurrent cases of strep throat.  *Id.*

There is no indication in the transcript that E.F.M. has an extreme limitation in this domain. Thus, this Court finds the ALJ's assessment in this domain of functioning is supported by substantial evidence in the record.

**4.    Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff on behalf of E.F.M. is supported by substantial evidence and should be affirmed.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 24th day of September 2014.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE